**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JASON EVERETT PELLUM, SR., | § | |
| (SPN #01522010) | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-4620 |
| | § | |
| JUDGE NAKITA V. HARMON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Jason Everett Pellum, Sr., a pretrial detainee in the Harris County Jail, has filed this lawsuit

under 42 U.S.C. § 1983. He alleges violations of his civil rights in connection with his current

detention. Pellum is representing himself and moves for leave to proceed without prepaying the

filing fee. After reviewing the pleadings and Pellum's litigation history, the court denies him leave

to proceed without prepaying the filing fee and dismisses this case. The reasons are explained

below.

Pellum's complaint is governed by the Prison Litigation Reform Act (PLRA), which was

enacted, in part, to prevent prisoners from abusing the privilege of proceeding without prepayment

of the filing fee. *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Under the

"three-strikes" rule established by the PLRA, a prisoner is not allowed to bring a civil action without

prepayment of the filing fee in federal court if, while incarcerated, three or more of his civil actions

or appeals were dismissed as frivolous, malicious, or for failure to state a claim upon which relief

may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g);

*Adepegba*, 103 F.3d at 385. To fit within the exception, a prisoner must demonstrate that imminent

danger of serious physical injury exists at the time he seeks to file his complaint. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The threat of harm must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330–31 (7th Cir. 2003) (citation omitted).

Pellum is a "three strikes" inmate who is barred under § 1915(g) from proceeding without prepaying the filing fee. *See, e.g., Pellum v. Skiles*, Civil No. 1:14-cv-1082 (E.D. Cal. 2014) (dismissed for failure to state a claim under § 1983); *Pellum v. The White House*, Civil No. 2:13-cv-0651 (E.D. Cal. 2013) (dismissed as frivolous under § 1983); *Pellum v. Fresno Police Dept.*, Civil No. 1:10-cv-1258 (E.D. Cal. 2011) (dismissed for failure to state a claim under § 1983); *see also Pellum v. Houston Police Dept.*, Civil No. 4:18-cv-3997 (S.D. Tex. 2018) (dismissed without prejudice under § 1915(g)); *Pellum v. Eva & Clem Wilson Trust Fund*, Civil No. 4:18-cv-0569 (S.D. Tex. 2018) (dismissed without prejudice under § 1915(g)); *Pellum v. Transcor Extradition Service*, Civil No. 4:13-cv-1003 (S.D. Tex. 2013) (dismissed without prejudice under § 1915(g)). Pellum's complaint does not demonstrate that he is in imminent danger of serious physical injury. He may not proceed without prepaying the filing fee.

Pellum's motion for leave to proceed without prepaying the filing fee, (Docket Entry No. 2), is denied. The lawsuit is dismissed without prejudice under § 1915(g). Pellum may move to reinstate this case upon payment of the full $400.00 filing fee within 30 days from the date of this dismissal.

The Clerk will provide a copy of this order to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED on December 17, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge